# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| ALAN MAXWELL DYER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV423-101 |
| | ) | |
| OFFICER GAMBLE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Alan Maxwell Dyer filed this case alleging he was subjected to excessive force while incarcerated at Liberty County Jail. *See* doc. 12 at 2. The Court approved his complaint for service upon several defendants. *See id.* at 2-3. Defendants moved to dismiss. Doc. 17. Dyer's deadline to respond in opposition to the Motion has passed without any response. *See generally* docket; *see also* S.D. Ga. L. Civ. R. 7.5. This Court has construed a plaintiff's failure to respond to a motion to dismiss as a failure to prosecute the case. *See, e.g., Anderson v. Augustin*, 2020 WL 7873059, at *2 (S.D. Ga. Dec. 8, 2020), *adopted* 2021 WL 27304 (S.D. Ga. Jan. 4, 2021). In addition, correspondence from the Clerk has been returned by the United States Post Office as

undeliverable. *See* doc. 18 at 3 (marked "Non Machinable"). It, therefore, appears that Dyer has failed to provide the Court with a usable address, in violation of the Local Rules. *See* S.D. Ga. L. Civ. R. 11.1.

This Court has the authority to prune cases from its docket where parties have failed to comply with its Orders. *See* S.D. Ga. L.R. 41.1(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (courts have the inherent authority to dismiss claims for lack of prosecution); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989) ("The district court possesses the inherent power to police its docket."); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983); *Floyd v. United States*, CV491-277 (S.D. Ga. June 10, 1992). Dyer's failure to provide the Court with a proper address and his failure to respond to the Motion to Dismiss merit dismissal.

Accordingly, Dyer's Complaint should be **DISMISSED**.[1] *See, e.g.,* Fed. R. Civ. P. 41(b). This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28

---

[1] To the extent that Dyer wishes to prosecute this case, the fourteen-day objections period discussed below provides him a final opportunity to respond to defendants' Motion and to provide the Court with a proper address. To the extent that he submits his response during the objections period, he must also explain why he failed to file that response timely.

2

U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this 20th day of September, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA